TEKTRONIX, INC.

v.

The **UNITED STATES** et al.

No. 79–61.

United States Court of Claims.

June 24, 1977.

Joel R. Feidelman, Washington, D.C., attorney of record, for plaintiff; Peter D.

Ehrenhaft, Harvey N. Bernstein, Joseph J. Petrillo, Lawrence R. Sidman, Fried, Frank, Harris, Shriver & Kampelman, and N. Eric Jorgensen, Washington, D.C., of counsel.

Thomas J. Scott, Jr., Washington, D.C., with whom was Asst. Atty. Gen. Barbara Allen Babcock, Washington, D.C., for defendants; Vito J. DiPietro, Washington, D.C., of counsel.

Before DAVIS, Judge Presiding, COWEN and SKELTON, Senior Judges, NICHOLS, KASHIWA, KUNZIG and BENNETT, Judges, en banc.

### ORDER

This case comes before the court on defendant's motion for rehearing together with plaintiff's response, and on plaintiff's motion for rehearing together with defendant's response. The court has considered these presentations *en banc*, without oral argument. The motions for rehearing are both denied except to the following extent:

1. The court's opinion of March 23, 1977 and findings are amended to delete the specific figures for the royalty bases for both the "commercial" and the "militarized" scopes.

2. The court's opinion and conclusion of law are amended to delete the figure given for reasonable and entire compensation (before delay compensation).

3. The case is returned to the Trial Division (in addition to the remand already ordered to determine the amount of delay compensation) to recompute, on the basis of the present record, the royalty bases for both "commercial" and "militarized" scopes to include only the scopes themselves and all the plug-ins. In our original opinion we excluded (as had the trial judge) packaging and other miscellaneous costs, and we adhere to that position. We now specifically reject plaintiff's current request for inclusion of probes and carts, on the ground that plaintiff did not adequately, at the time the case was presented to us, ask for the inclusion of those items for either type of scope.

As for the "commercial" scopes, it now appears that the trial judge, in determining the base for that kind of scope to be $9,740,-385 (a figure we adopted), may possibly have excluded a substantial number of plug-ins, despite the trial judge's and our intention to include all the plug-ins for the "commercial" scopes. With respect to the "militarized" scopes, it now appears that the base figure of $11,557,695, which we accepted from plaintiff's then brief as "the royalty base for militarized scopes including plug-ins", may well cover items which we did not intend to include, such as packaging, miscellaneous costs, probes, and carts.

4. After recomputing the royalty bases, the trial judge will apply to those bases the 10% rate we established in our opinion of March 23, 1977, then determine the delay compensation under Part VIII of that opinion, and finally determine the total award.

5. In carrying out the above computations, the trial judge shall call upon the parties for any submissions or procedures he deems helpful in the expeditious computation of the amount of recovery.

IT IS SO ORDERED.

KASHIWA, J., would deny plaintiff's motion for rehearing but would grant defendant's motion for rehearing.